## Gelfond v. Philadelphia Zoning Board

*S. Weinroth,* for petitioner.

BROWN, JR., J., August 7, 1936.—This is an appeal from the Board of Adjustment of the City of Philadelphia. Appellant is the owner of premises on the southwest corner of Eleventh Street and Wyoming Avenue, known as 1100 West Wyoming Avenue, Philadelphia. On May 12, 1936, he made application to the Bureau of Engineering, Surveys and Zoning of the City of Philadelphia for a permit to erect on the rear yard of his property a one-story private garage, 18 feet in depth, 10 feet, 3 inches, in width, and 9 feet in height. A permit was refused by the bureau because the provisions of the Philadelphia Zoning Ordinance of August 10, 1933 (Ordinances and City Solicitor's Opinions (1933) 268), had not been complied with, in that "the proposed garage would be four (4) feet from 11th Street", whereas "in this district, a set back of at least eight (8) feet from all streets is required." The premises in question are situated in a "D" residential district. From this action of the bureau an appeal was taken by him to the Board of Adjustment, and the board, after public hearings with due notice, refused a variance from the terms of the ordinance, on the ground that "the proposed construction of a garage

. . . would be contrary to the spirit and intent" of the ordinance.

Section 14 of the ordinance, which contains the "rules and exceptions" for all residential districts, provides, in paragraph (c) :

"Nothing in these regulations shall prohibit the erection of an accessory private garage (not exceeding fifteen (15) feet in height) on party lines or in a rear yard, *provided*, the open area required on the lot is retained," and in paragraph (d) :

"An accessory private garage may be erected on the rear of a corner lot in 'C', 'D' and 'D-1' Residential Districts, *provided*, the area of the existing buildings erected prior to the passage of this ordinance does not exceed the area permitted to be occupied in said districts by more than . . . five (5) per cent. [of the lot area] in 'D' or 'D-1' Residential Districts. Such garage shall not exceed two hundred (200) square feet inside area and ten (10) feet in height and shall not extend beyond the line of the side facade of the building to which it is accessory."

The garage which appellant proposes to erect is to be on the rear of a corner lot. The occupied area of the lot and the height and area of the proposed garage are to be less than the limits prescribed. The garage will "not extend beyond" but merely to "the line of the side facade of the building to which it is accessory."

The side of the existing building, which was erected on the premises prior to the passage of the ordinance, is four feet from the building or street line of Eleventh Street, and, as the garage is to extend to its "side facade", the latter will not conform to the "building set-back line" of the district, which is designated, in section 10 (9) as "eight (8) feet back from the street line." But the provisions of section 10, which prescribe the use, area and height regulations for class "D" residential districts, as stated at the end thereof, are "subject to exception, section 14 (c) and (d)", and so the "building set-back line" regulation of eight feet is specifically subjected to the

provisions of section 14(d), which set forth the regulations for the erection of an accessory private garage as pointed out above. Although compliance with the "open area" and the "occupied area" regulations of the district is therein specified, compliance with the "building set-back line" regulation is not required. It is thus apparent that the latter regulation is not mandatory in a class "D" residential district, but subject to exception in cases of accessory private garages on corner lots, as set forth in section 14(d).

As the proposed garage complies with the provisions of the ordinance, no question of variance from the terms thereof is involved.

The decision of the board of adjustment is reversed, and the board is directed to grant the permit.